Rosenfeld v. Hostos Community College

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand fourteen.

PRESENT:
>AMALYA L. KEARSE,
>RALPH K. WINTER,
>CHRISTOPHER F. DRONEY,
>*Circuit Judges.*

_____

Harvey Rosenfeld,

>*Plaintiff-Appellant*,

>v.                                                          13-1742

Hostos Community College,

>*Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Harvey Rosenfeld, Pro Se, Bronx, NY |
| **FOR DEFENDANT-APPELLEE:** | Larry A. Sonnenshein, Avshalom Yotam, Office of the Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Harvey Rosenfeld, proceeding *pro se*, appeals from the district court's grant of summary judgment to defendant-appellee, Hostos Community College ("Hostos"), as to Rosenfeld's Age Discrimination in Employment Act claims premised on Hostos's decision not to reappoint Rosenfeld as an adjunct professor. We assume the parties' familiarity with the underlying facts and issues on appeal, which we refer to only as necessary to explain our decision to affirm.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

An independent review of the record and relevant case law reveals no error in the district court's grant of summary judgment to the defendant because, for the reasons stated in the district court's order, no reasonable fact-finder could conclude that Rosenfeld put forth sufficient

2

evidence allowing for an inference of age discrimination or that the performance-related issues on which Hostos relied in its decision not to reappoint Rosenfeld were mere pretext. Accordingly, we affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned order.

We have considered Rosenfeld's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk